United States District Court
District of Massachusetts

```
                                  )
Che Blake Sosa,                   )
                                  )
          Plaintiff,              )
                                  )
          v.                      )    Civil Action No.
                                  )    18-12223-NMG
Massachusetts Department of       )
Correction et al.,                )
                                  )
          Defendants.             )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In October, 2018, Che Blake Sosa ("Mr. Sosa"), pro se, brought an action against the Department of Correction ("the DOC") and various current and former employees of the DOC alleging, inter alia, that he has been subjected to excessive force, namely that he has been placed in painful, behind-the-back restraints when transported throughout MCI Cedar Junction, the facility in which he is incarcerated.  In February, 2019, Mr. Sosa filed a pro se motion for preliminary injunction, asking that this Court require the defendants to use waist chains instead of behind-the-back restraints.

In September, 2019, this Court held a hearing on the motion, at which it appointed counsel to represent Mr. Sosa. Appointed counsel subsequently filed a motion to order the DOC

to cease using upon Mr. Sosa painful behind-the-back restraints (Docket No. 70).  In March, 2020, this Court, in the interest of docket management, denied plaintiff's pro se motion for a preliminary injunction (Docket No. 6) but informed counsel that the Court would construe the motion more recently filed by plaintiff's counsel (Docket No. 70) as a motion for preliminary injunction (Docket No. 75).

The Court has held two status conferences on the pending motion, the latter of which was held on October 2, 2020, and at which the Court allowed the motion, in part, and denied it, in part.  Because the case has experienced a convoluted history, however, the Court deems it necessary to further explain that Order in writing.

## I.  Background

Mr. Sosa has been convicted on multiple counts of aggravated rape and related offenses and has been sentenced to over 95 years of incarceration.  During incarceration, Mr. Sosa has also been found guilty of several disciplinary infractions, including stabbing correctional officers with makeshift weapons, threatening other DOC staff members and attempted escape.  In response, the DOC has implemented unprecedented security precautions with respect to Mr. Sosa, including the use of rear knuckle-to-knuckle restraints when transporting Mr. Sosa throughout the facility.

Mr. Sosa suffers from a severe shoulder condition which reduces his range of motion and purportedly causes him severe pain when he is restrained knuckle-to-knuckle behind his back in standard handcuffs, which is the reason he filed this action to enjoin the DOC from using such restraints.  Although the DOC had used those standard restraints upon Mr. Sosa for several years, beginning in February, 2020, the DOC has used a modified handcuffing procedure and ultimately designed and put into use custom handcuffs that allow Mr. Sosa's arms to be shackled at, or just behind, his hips.  The DOC contends that this procedure presents the appropriate balance between reducing the strain on Mr. Sosa's shoulders but still providing enough restraint to ensure the safety of the DOC officers and staff.

In early Spring, 2020, to assess the suitability of the custom handcuffs, the Court directed the DOC to have an independent orthopedic doctor evaluate the new method of restraint.  Due, in part, to the COVID-19 pandemic, the DOC was unable to obtain such an evaluation for several months, causing the Court to delay ruling on plaintiff's motion.  In late September, 2020, however, the DOC arranged for an orthopedic doctor to examine (remotely) the impact of the custom handcuffs on Mr. Sosa's shoulders.  After that examination, the appointed doctor concluded that the custom handcuffs are an improvement from the standard handcuffing method, reduce the rotation and

-3-

stretching of the shoulders and, therefore, alleviate to some degree the pain to Mr. Sosa.

To discuss those conclusions, the Court held a status conference on October 2, 2020, at which plaintiff conceded that the custom handcuffs significantly reduce the pain to Mr. Sosa's shoulders but, at the same time, complained that the pain was not entirely relieved.  The DOC responded that it cannot, and is not required to, ensure that Mr. Sosa will experience no pain when restrained during transportation.  The DOC submitted that it has, however, made reasonable accommodations to avoid causing Mr. Sosa undue pain by providing custom handcuffs that, according to an independent orthopedic doctor, significantly reduce the rotation and stretching of Mr. Sosa's shoulders.

Having considered the medical examination and the written and oral arguments of counsel, the Court directed the DOC to continue to use the custom handcuffs on Mr. Sosa but otherwise denied plaintiff's motion (Docket No. 70).  The Court concludes that the custom handcuffs represent a reasonable accommodation that avoids a substantial risk of causing Mr. Sosa undue harm while still allowing the DOC to maintain safety and security for its officers.  Furthermore, because the DOC used the custom handcuffs upon Mr. Sosa for an extended period of time and has agreed to continue to use them, the Court will not enter the

requested preliminary injunction with respect to the use of rear restraints upon Mr. Sosa.

**ORDER**

Accordingly, based on the foregoing, plaintiff's motion (Docket No. 70) is,

1) to the extent that it is treated as a motion for preliminary injunction, **DENIED**; but

2) to the extent it seeks an order from this Court to compel the DOC to stop using upon Mr. Sosa standard behind-the-back restraints, **ALLOWED**.

The Department of Correction is directed to continue to use the modified handcuffs that have been designed to allow Mr. Sosa's arms to be shackled at, or just behind, his hips.

Counsel are to submit a joint status report with respect to the implementation of this Order on or before December 31, 2020.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 8, 2020